# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

**DEBORAH LAUFER,**

    Plaintiff,

v.                                          Case No. 1:19-cv-305-AW-GRJ

**TEMPLE HILL, INC., d/b/a**
**QUALITY INN**,

    Defendant,
_____/

**STATEMENT OF DEBORAH LAUFER**
**MADE PURSUANT TO 28 U.S.C. SECTION 1746**

1. My name is Deborah Laufer. I am currently a resident of Pasco County, Florida. I am unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, I am bound to ambulate in a wheelchair or with a cane or other support and have limited use of my hands. I am unable to tightly grasp, pinch or twist my wrist to operate mechanisms. I am also vision impaired. When ambulating beyond the comfort of my own home, I must primarily rely on a wheelchair. I require accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that I can embark and

1

disembark into a vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that I can reach them. I have difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. I am hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning my legs. Sinks must be at the proper height so that I can put my legs underneath to wash my hands. I require grab bars both behind and beside a commode so that I can safely transfer and I have difficulty reaching the flush control if it is on the wrong side. I have difficulty getting through doorways if they lack the proper clearance.  To use a pool, I require a lift or other accessible means. When sleeping in a guest room, I need a compliant tub or shower with required grab bars.

2. When looking at a hotel online reservation system, I need information

so that I can ascertain whether or not the hotel and its guest rooms are accessible to me. This includes information whether the conditions referenced above are compliant.

3. I am an advocate on behalf of both myself and other similarly situated disabled persons and consider myself a tester. As a tester, I visit hotel online reservations systems to ascertain whether they are in compliance with the Americans With Disabilities Act. In the event that they are not, I request that a law suit be filed to bring the website into compliance with the ADA so that I and other disabled persons can use it. If a law suit is filed to bring the website into compliance, I frequently revisit the website to ascertain whether or not it has been made accessible with the information required by law. With respect to each law suit I file, I subsequently revisit each website because that is my system.

5. In the past, I have observed that the vast majority of hotel online reservations systems do not allow for booking of accessible rooms or provide the information I need to make an informed choice. Therefore, I cannot make plans to travel if I intend to stay in an accessible room at an accessible hotel. The failure of so many hotels

to comply with the law in this regard deter me from making travel plans.

6. Rooms for the Quality Inn, which is located at 15960 NW U.S. Hwy 441, Alachua, Florida, and which I understand the Defendant owns or operates can be booked online through the Defendant's own website, and through the third party booking sites identified in the complaint. The latter include hotels.com, expedia.com, and bookings.com.

7. Prior to the filing of this lawsuit, on no fewer than three occasions, specifically on September 14, 2019, September 15, 2019 and September 16, 2019, while in my own home in Pasco County, I visited the online reservation system for the Defendant's hotel identified in paragraph eleven (11) of the complaint as well as the third party websites identified in paragraphs twelve (12) through fourteen (14) of the complaint for the purpose of reviewing and assessing the accessible features at the hotel and ascertain whether the websites contain the information required by 28 C.F.R. Section 36.302(e) and adequately informs me as to whether the hotel meets my accessibility needs. However, I was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e).

As a result, I was deprived the same services available to the general public.

8. The Defendant's own website had no reference to any accessible rooms nor was there any option to book an accessible room. No information was given as to whether or where it offers compliant/accessible roll-in showers, tubs, built in seating, commodes, grab bars, sinks, wrapped pipes, sink and door hardware, properly located amenities, sufficient maneuvering spaces, compliant doors, furniture, controls and operating mechanisms. The website did not contain any information as to whether all goods, facilities and services at the property are connected by a compliant accessible route, nor did the website contain any information as to the accessibility of routes connecting all the features of the hotel, the transaction counter, parking, and common area restrooms. The website did not give any information as to whether accessible rooms are on the ground floor or if an elevator is provided within an accessible route. Nor did the website give any information regarding the pool/pools having an accessible lift. The hotel claims to have an outdoor swimming pool, picnic area, vending machine, laundry facilities, free self-parking,

breakfast buffet, restaurants, but there was no information as to whether any or all of these hotel features are accessible.

9. The third party booking sites had no option to book an accessible room. Hotel amenities, room types and amenities are all listed in detail. No information was given about accessibility in the hotel other than generic statements such as "Roll-in shower", "Wheelchair accessible path of travel", "Wheelchair accessible parking" and "Wheelchair accessible (may have limitations)," and "Facilities for disabled guests".

10. When I encountered the above conditions, I suffered humiliation and frustration at being treated like a second class citizen, being denied equal access and benefits to the goods, facilities, accommodations and services. I am deterred from returning to the websites because I understand that it would be a futile gesture to do so unless I am willing to suffer further discrimination. I am aware that defendant segregates against me and other disabled persons by offering them one service: me a lesser service. I am aware that I am being deprived the equality of opportunity afforded to non-disabled persons to utilize the online reservation system free of discrimination. I am also aware that

my ability to travel free of discrimination and with equal access to information offered to the general public is diminished.

11. On or about February 20, 2020, after this lawsuit was filed, I revisited the websites. I was unable to reserve an accessible room and the same violations described above were again present.

12. Despite the above, I plan to again review the websites in the near future. I have a system for monitoring the hotel's I sued to ensure that I visit and revisit their online reservations systems multiple times, including after each lawsuit is filed and also after the hotel website is required to be compliant. In this regard, I maintain a list of every hotel I sued. Beside the entry of any given hotel, I then type in the date I look at its online reservations system. In all cases, I check out websites multiple times before I file a complaint. In the next column, I type in the date I revisit a hotel's online reservations system AFTER the complaint is filed. In this regard, I have revisited all the online reservations systems for all hotels I sued (excepting only the most recently filed) and ensure that I do so shortly after each lawsuit is filed. In the next column, I fill in the date when the hotel is required to fix its systems, so that I know when I am again to revisit them.

Pursuant to this system, I have already revisited the online reservations system for this hotel. In that way, when I said in my complaint that I intended to return in the near future, I was true to my word.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct.

Date: __5.21.20__   _____
DEBORAH LAUFER